UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

TRUSTEES OF THE PAINTERS UNION
DEPOSIT FUND,

        Plaintiff,

v.                                                  Case No. 22-12416

EUGENIO PAINTING COMPANY,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

Pending before the court is Defendant Eugenio Painting Company's Motion to Dismiss (ECF No. 4). The motion has been fully briefed. The court has reviewed the record and does not find a hearing to be necessary. E.D. Mich. LR 7.1(f)(2). For the reasons provided below, the court will deny Defendant's motion.

**I.   BACKGROUND**[1]

On June 20, 2016, Defendant entered into a Collective Bargaining Agreement ("CBA") with Painters District Council 1M of the International Brotherhood of Painters and Allied Trades (AFL-CIO) (the "Painter Union") (ECF No. 1, PageID.3; ECF No. 1-1.) Under the CBA, Defendant must timely make periodic payments for various employee benefits to the Painters Union Deposit Fund (the "Fund"), of which Plaintiffs are the trustees. (ECF No. 1, PageID.3-4.) Defendant also must not sublet or subcontract covered work to non-signatories, and agreed that if covered work is performed by

---

[1]     Facts are taken from the Complaint (ECF No. 1).

another person or subcontractor, the terms and conditions of the CBA would apply to all such work. (*Id.*, PageID.4)

While Defendant's payroll records are regularly audited, Article XX, Section 2 of the CBA also provides for a comprehensive audit:

> Each Employer, signatory to this Agreement, hereby further authorizes and empowers any accountant selected by the Trustee of any said Funds to have access to, and to inspect any and all books, records, accounts, ledgers, and records of original entry, for the purpose of determining whether or not the Employer has conformed with the provisions of this Agreement. Such inspection shall be made only on an express order of the Board of Trustees.

(ECF No. 1-1, PageID.20.)

During a meeting on August 10, 2022, Plaintiffs allegedly learned that Defendant had been observed utilizing non-signatory subcontractors to performed covered work and/or had not been making contributions required by the CBA. (ECF No. 1, PageID.5.) Consequently, Plaintiffs requested a comprehensive audit of Defendant's records since August 1, 2016, with which Defendant has not fully complied. (*Id.*, PageID.5-7; ECF No. 1-2.)

Plaintiffs filed the instant lawsuit to compel Defendant's compliance (Count I). (ECF No. 1, PageID.7-8.) Additionally, Plaintiffs allege that Defendant failed to pay contributions and/or breached the CBA by subcontracting covered work to non-signatories (Count II). (*Id.*, PageID.8-9.)

## II.  STANDARD

Federal Rule of Civil Procedure 8 requires Plaintiffs to present in the Complaint "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must provide sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Boland v. Holder*, 682 F.3d 531, 534 (6th Cir. 2012) (emphasis removed) (citing *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

    A complaint falling short of this pleading requirement is subject to dismissal under Federal Rule of Civil Procedure 12(b)(6). In reviewing a motion to dismiss made thereunder, the court construes the complaint in the light most favorable to the nonmovant – here, Plaintiffs – and accepts all well-pleaded factual allegations as true. *Barber v. Miller*, 809 F.3d 840, 843 (6th Cir. 2015). The court may consider "any exhibits attached [to the complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008). The movant – Defendant – "has the burden of proving

that no claim exists." *Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield,* 552 F.3d 430, 434 (6th Cir. 2008).

### III. DISCUSSION

### A. Count I

Defendant moves the court to dismiss Plaintiffs' claim for failure and refusal to permit audit as required by the CBA (Count I). The court "interpret[s] collective-bargaining agreements, including those establishing ERISA[2] plans, according to ordinary principles of contract law, at least when those principles are not inconsistent with federal labor policy." *M & G Polymers USA, LLC v. Tackett*, 574 U.S. 427, 435 (2015) (citing *textile Workers v. Lincoln Mills of Ala.*, 353 U.S. 448, 456-57 (1957)).[3]

> "In this endeavor, as with any other contract, the parties' intentions control." *Stolt–Nielsen S.A. v. AnimalFeeds Int'l Corp.,* 559 U.S. 662, 682, 130 S.Ct. 1758, 176 L.Ed.2d 605 (2010) (internal quotation marks omitted). "Where the words of a contract in writing are clear and unambiguous, its meaning is to be ascertained in accordance with its plainly expressed intent." 11 R. Lord, Williston on Contracts § 30:6, p. 108 (4th ed. 2012) (Williston) (internal quotation marks omitted).

*Id.*

Here, Defendant argues that a six-year audit is not authorized by the CBA. (ECF No. 4, PageID.46-47.) Defendant points to Article I, Section 8, which provides that "'[t]he Term of Agreement' shall be from July 24, 2014 through May 31, 2018, (ECF No. 1-1, PageID.13) and Article XXV, Section 1 of the CBA, which provides:

> The terms of this Agreement shall be from July 24, 2014 through May 31, 2018 and from year to year thereafter unless either party desires a change, in which case it is to notify the opposite party in writing at least

---

[2] The Employment Retirement Income Security Act, 29 U.S.C. 1001 *et seq.*
[3] There is no serious dispute that Section 301 of the Labor-Management Relation Act, 29 U.S.C. § 185, grants the court jurisdiction to resolve disputes over the interpretation of the CBA, and ERISA governs the pension or welfare benefits plans created by the CBA. (ECF No.6, PageID.108-110.)

4

>sixty (60) days prior to May 31, 2014 or sixty (60) days prior to the anniversary date of any extension thereof.

(*Id.*, PageID.28.) Therefrom, Defendant posits that there is not one continuous CBA after May 31, 2018, but separate CBAs with year-to-year terms, the latest one beginning on May 31, 2022. (ECF No. 4, PageID.43.) And, because Article XX, Section 2 only authorizes audit "for the purpose of determining whether or not [Defendant] has conformed with the provisions of [the CBA]," Plaintiffs are only entitled to an audit that is limited to the term of the current operative CBA. (*Id.*)

In response, Plaintiffs argue that Article XXV, Section 1 of the CBA is an 'evergreen' clause that renews the agreement every year unless a contracting party gives notice of termination by a certain deadline. (ECF No. 6, PageID.111.)[4] Additionally, Plaintiff contends that Article XX, Section 2 does not limit when a comprehensive audit can be ordered (ECF No. 6, PageID.112-16.)

Defendant has not shown that Plaintiffs' claim to compel a six-year audit is implausible. Here, Article I, Section 8 and Article XXV, Section 1 can be read together as contemplating multiple "terms" of the CBA, with the first one being from July 24, 2014 through May 31, 2018. *See United States v. Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am.,* No. 20-13293, 2022 WL 2387727, at *6 (E.D. Mich. July 1, 2022) (Lawson, J.) ("It is a well settled principle in the construction of both statutory and contractual language that terms of a written instrument are to be read in

---

[4] The Sixth Circuit has held that "evergreen clauses are legally valid." *Trustees of B.A.C. Loc. 32 Ins. Fund v. Fantin Enterprises, Inc.,* 163 F.3d 965, 968 (6th Cir. 1998); *Orrand v. Scassa Asphalt, Inc.,* 794 F.3d 556, 565 (6th Cir. 2015) (same). "When a contract is renewed via the operation of an evergreen clause, all of the attendant contractual obligations naturally continue for the period of renewal." *Trustees of B.A.C. Loc. 32 Ins. Fund,* 163 F.3d at 968–69; *cf. Orrand,* 794 F.3d at 565.

context and in light of other coordinate terms.") (citing cases). Defendant has not pointed to any language in the CBA or case law suggesting that the beginning of a new term is the start of a new CBA, or that the same CBA cannot have more than one term. Indeed, by including the word "extension," Article XXV, Section 1 indicates that each new term extends the CBA obligations, rather than restarts them.

Additionally, the court agrees with Plaintiff that Article XX, Section 2 does not specify a time limit as to when a comprehensive audit may be ordered. Defendant has not marshaled any support for its assertion that the phrase "for the purpose of determining whether or not the Employer has conformed with the provisions of this Agreement" means that Plaintiffs may only request audit for the current term of the CBA, when Defendant undisputedly has always been bound to it. *See Trustees of Painting Indus. Ins. Fund v. Pharaoh Glass Sys., Inc.,* No. 1:07CV1747, 2008 WL 276412, at *8 (N.D. Ohio Jan. 31, 2008) (declining to limit the audit period to the CBA's original four-year timeframe (May 2002 to May 2006) and ordering defendant's compliance with an audit requested for June 1, 2004 to the present because "[d]efendant [was] contractually bound by the CBA from May of 2002 to the present time" as the result of an evergreen clause).

As Plaintiffs have plausibly stated a cause of action to compel Defendant's compliance with their audit request, the court will not dismiss Count I of the Complaint.

### B. Count II

Defendant also requests a dismissal of Count II of the Complaint, which alleges failure to pay contribution and/or breach of the CBA. Defendant posits that this claim is insufficiently pled because it "only alleges a hypothetical or future possible breach of a

6

contract." (ECF No. 4, PageID.48.) In so doing, Defendant objects to the allegations pleaded "upon information and belief." (*Id.*) However, while the inclusion of "upon information and belief" is largely redundant, it is not impermissible. *See Greenwich Cap. Grp., LLC v. DealerOn, Inc.,* No. 20-11218, 2020 WL 13577563, at *4-5 (E.D. Mich. Oct. 7, 2020) (Cleland, J.) "This is especially true when proof of allegations is within the possession of others." *Id.* at *5.

Here, Plaintiffs state that they learned of Defendant being seen using non-union contractors in violation of the CBA. (ECF No. 1, PageID.5.) Also, Plaintiffs allegedly were made aware of information indicating that Defendant had failed to pay the requisite benefit contributions. (*Id.*) Plaintiffs further included assertions "on information and belief" that Defendant owed money to the Funds. (*Id.*, PageID.8.) Thus, contrary to Defendant's contentions, Plaintiffs do not merely plead hypothetical future breaches of the CBA or failures to pay benefits, but ones that have allegedly already been committed. Plaintiffs should not be expected to specify the particularity thereof, which presumably can only be ascertained after reviewing documentation not within their possession.[5] *See Iron Workers' Loc. No. 25 Pension Fund v. Nyeholt Steel, Inc.,* 946 F. Supp. 514, 517 (E.D. Mich. 1996) (Gadola, J.) (holding that claim by union multiemployer trust funds for unpaid benefit contribution was only subject to Rule 8 simplified notice pleading requirement).

---

[5] While Plaintiff's assertion that Defendant "may have engaged in a pattern of fraud" is possibly too nebulous to satisfy Federal Rule of Civil Procedure 9(b)'s requirement that fraud be alleged with particularity, Plaintiffs admittedly do not allege a separate state law claim for fraud (ECF No. 6, PageID.118), which would have been preempted by ERISA. *See Dotson v. Arkema, Inc.,* No. 08-CV-13118, 2008 WL 4792685, at *5 (E.D. Mich. Oct. 27, 2008) (Cleland, J.) (holding that ERISA preempted state claims, including for fraud).

7

The court finds that Plaintiffs have sufficiently pleaded a claim for failure to make contribution and/or breach of the CBA. Accordingly, Count II will not be dismissed.

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendant's Motion to Dismiss (ECF No. 4) is DENIED.

<pre>                                        s/Robert H. Cleland  /
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE</pre>

Dated: January 18, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 18, 2023, by electronic and/or ordinary mail.

<pre>                                        s/Lisa Wagner   /
                                        Case Manager and Deputy Clerk
                                        (810) 292-6522</pre>

S:\Cleland\Cleland\NTH\Civil\22-12416.TRUSTEESOFTHEPAINTERS.MotiontoDismiss.NH.docx