UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE PAINTERS UNION
DEPOSIT FUND,

    Plaintiff,

v.

EUGENIO PAINTING COMPANY,

    Defendant.
_____/

Case No. 22-cv-12416

Hon. Sean F. Cox
United States District Court Judge

### OPINION & ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (ECF No. 27)

This case arises under the Employment Retirement Income Security Act of 1974 ("ERISA"). Plaintiff Trustees of the Painters Union Deposit Fund ("Plaintiffs") initiated this action to compel Defendant Eugenio Painting Company ("Defendant") to comply with an audit authorized by collective bargaining agreements ("CBAs") between the parties. Plaintiffs also seek to recover for alleged breaches of those CBAs by Defendant. The Court ordered Defendant to comply with that audit, which was recently completed.

Plaintiffs now move to amend their complaint to join Defendant's president, Michael Eugenio ("Eugenio"), and Defendant's sister company, Eugenio Painting Co., Inc. – South ("Eugenio South"), as defendants in this action. Plaintiffs' proposed amended complaint seeks to hold Eugenio South and Eugenio jointly and severally liable for Defendant's alleged breaches of the parties' CBAs. Because none of the reasons Defendant offers for denying Plaintiffs' motion to amend have merit, the Court grants Plaintiffs' motion.

1

**BACKGROUND**

Plaintiffs filed the complaint in this case ("Complaint") in October 2022, which was initially assigned to District Judge Robert Cleland. (ECF No. 1). The Complaint alleges the following facts.

In 2016, Defendant concluded a CBA ("2016 CBA") with the Painters' District Council 1M of the International Union of Painters and Allied Trades (AFL-CFO) ("Painters Union"). (ECF No. 1-1). The 2016 CBA described certain work and obligated Defendant not to subcontract out such work to non-signatories to the CBA. The 2016 CBA also obligated Defendant to make periodic employee-benefit payments to a fund operated by the Painters Union ("Fund") for work Defendant performed under the CBA.

The 2016 CBA further authorized Plaintiffs to audit Defendant. Plaintiffs learned that Defendant was subcontracting out work covered by the 2016 CBA to non-signatories and had not been making payments that it owed to the Fund, and Plaintiffs requested an audit of Defendant's records from 2016 up to the date of the audit. Defendant failed to comply with that audit and this action followed.

The Complaint seeks an order compelling Defendant to comply with the audit (Count I) and recovery of any monies that Defendant improperly failed to pay to the Fund (Count II). The parties' subsequently-filed discovery plan detailed Defendant's belief that the 2016 CBA had been superseded in relevant part by a CBA that the parties had executed in 2018 ("2018 CBA"). (ECF No. 12). According to Defendant, the 2018 CBA did not permit Plaintiffs to audit its records going back to 2016.

The parties' discovery plan further proposed that this case be conducted in stages. The plan stated, "For the first phase, Plaintiffs desire to conduct and complete the audit and resolve

any disputed issues regarding its scope as soon as possible," and that Plaintiffs would file a motion for summary judgment on Count I "to compel the audit and resolve the dispute over the audit period." (*Id.* at 149). The plan additionally detailed that "if the audit discloses contribution shortfalls or issues which are not resolved through settlement," then "the next phase of the case would proceed to discovery and litigation to address outstanding liability and damages issues." (*Id.*).

Judge Cleland adopted the parties' discovery plan (ECF No. 13) and Plaintiffs moved for summary judgment on Count I (ECF No. 14). In that motion, Plaintiffs argued that "Defendant's reliance on the 2018 CBA as a basis to limit or reduce the scope of its audit obligations is without merit," and that Defendant was obligated to provide records going back to 2016. (ECF No. 14, PageID.160). Defendant countered with its own motion for summary judgment on Counts I and II. (ECF No. 18). This case was reassigned to the undersigned District Judge while these motions were pending. (ECF No. 20).

In October 2023, the Court granted Plaintiffs' motion for summary judgment on Count I and denied Defendant's motion for summary judgment. (ECF No. 23). The Court held that "Plaintiffs are entitled to enforcement of their audit rights as requested in the Complaint," and therefore that Defendant was obligated to provide its records from 2016 through the date of the audit. (*Id.* at 486). The Court later ordered that discovery would close on June 17, 2024 (ECF No. 26), but did not set a deadline for amending the pleadings.

In a motion filed on May 21, 2024, Plaintiffs now move to amend the Complaint under Federal Rule of Civil Procedure 15(a)(2). (ECF No. 27). Plaintiffs attached a copy of their proposed first amended complaint ("PFAC") to their motion, which joins Eugenio South and

3

Eugenio as defendants. (ECF No. 27-1). Defendant opposes Plaintiffs' motion to amend. (ECF No. 31).

The PFAC alleges that Plaintiffs' audit revealed over $2 million in delinquent contributions to the Fund and nearly half-a-million dollars in liquidated damages. Count I of the PFAC seeks to recover this amount from Defendant (plus interest) under section 502 of ERISA, 29 U.S.C. § 1132. Count II alleges that Eugenio South is also liable for this amount because it was Defendant's alter-ego. And Count III alleges that Eugenio is additionally liable for this amount under section 409 of ERISA, 29 U.S.C. § 1109, because he breached his fiduciary duties. After Plaintiffs moved to amend the Complaint, the Court extended discovery to August 16, 2024. (ECF No. 32).

Plaintiffs' motion to amend has been fully briefed, and the Court rules on it without oral argument. E.D. Mich. L.R. 7.1(f)(2). For the following reasons, the Court grants Plaintiffs' motion.

## STANDARD OF REVIEW

Courts have "broad discretion in deciding whether to grant leave to amend pleadings" under Federal Rule of Procedure 15(a). *Teamsters Local 372 v. Detroit Newspapers*, 993 F. Supp. 1052, 1055 (E.D. Mich. 1998). For example, courts do not abuse their discretion when they deny leave to amend due to "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, [or] futility of amendment." *Hemlock Semiconductor Corp. v. Deutsche Solar GmbH*, 116 F. Supp. 3d 818, 837 (E.D. Mich. 2015) (quoting *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1993)).

4

With respect to futility, "[a] proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), this Court must determine whether the plaintiff pled "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). And "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## ANALYSIS

Defendant opposes Plaintiffs' motion to amend on two grounds. First, Defendant argues that the PFAC's claim against Eugenio South would be futile. Second, Defendant argues that Plaintiffs unduly delayed in seeking to join Eugenio as a defendant and that the PFAC's claim against him would be unduly prejudicial and futile in any event. The Court disagrees.

**I.    The PFAC's Claim Against Eugenio South**

Defendant argues that the PFAC's claim against Eugenio South would be futile for three reasons. *First*, Defendant asserts that that "Eugenio South has been administratively dissolved and, therefore, can no longer [be] the subject of this Michigan lawsuit." (ECF No. 31, PageID.608). This argument fails because Defendant provides no support for it. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived . . . ." (first alteration in original) (quoting *Citizens Awareness Network, Inc. v. U.S. Nuclear Regul. Comm'n*, 59 F.3d 284, 293 (1st Cir. 1995))).

*Second*, Defendant contends that the PFAC's claim against Eugenio South is barred by documents entitled "Release and Settlement Agreement" (ECF No. 31-2) and "Collective

5

Bargaining Agreement Between the International Union of Painters and Allied Trades District Council 78 and Signatory Employers" (ECF No. 31-3).  According to Defendant, these documents show that Plaintiffs' claim against Eugenio South would be futile.

This argument fails for at least two reasons.  For one thing, these documents are not attached to or referenced by the PFAC and therefore cannot be considered under Rule 12(b)(6).  *See Corsetti v. Hackel*, No. 10-cv-12823, 2013 WL 2372284, at *19 (E.D. Mich. May 28, 2013) ("[I]n deciding a motion to dismiss under Rule 12(b)(6), the court is generally limited to examination of the complaint and the exhibits attached thereto alone and may not consider the factual allegations contained in plaintiff's response.").  For another, even if the Court considered these documents, they only contain signatures of "Michael Eugenio" on behalf of Defendant (*see* ECF No. 31-2, PageID.619–22; ECF No. 31-3, PageID.663, 665) and the other signature lines on these documents are blank.

*Third*, Defendant alleges that "the only CBA which [it] currently has with the Plaintiffs in Michigan, the 2018 CBA, contains a clear and unambiguous Territorial Jurisdiction provision limiting the 2018's CBA's applicability to" Michigan.  (ECF No. 31, PageID.610).  Defendant concludes that Plaintiffs' claim against Eugenio South would be futile because the PFAC seeks to recover for work performed exclusively in Florida.

Plaintiffs respond that the Court's order granting their motion for summary judgment on Count I of the Complaint defeats this argument.  Plaintiffs point to language from that order stating, "If Defendant has conducted any such work [described by the 2016 and 2018 CBAs] outside the state of Michigan, it must be disclosed pursuant to . . . the CBAs."  (ECF No. 23, PageID.485).

6

However, this statement recognizes only that the 2016 and 2018 CBAs entitle Plaintiffs to audit Defendant's records concerning work performed outside the CBAs' territorial jurisdiction. The Court did *not* hold that the CBAs obligated Defendant to make payments to the Fund for such work. In other words, the Court addressed Count I of the Complaint and not Count II.

However, this challenge to the PFAC's claim against Eugenio South fails for another reason. Assuming *arguendo* that neither the 2016 nor the 2018 obligate Defendant to make payments to the Fund for extra-jurisdictional work, it is unclear what amount, if any, of the money Plaintiffs seek to recover under the PFAC fits this description. Because the Court must construe the facts alleged in the PFAC in the light most favorable to Plaintiffs at this stage, it would be improper to hold that the PFAC fails to state a claim against Eugenio South now.

The PFAC's claim against Eugenio South would not be futile.

## II.    The PFAC's Claim Against Eugenio

Defendant alleges that the Court should not permit Plaintiffs to join Eugenio as a defendant in this case for three reasons. *First*, Defendant claims Plaintiffs unduly delayed in seeking to join Eugenio as a defendant because Plaintiffs "had full knowledge of these alleged claims at the start of the case." (ECF No. 31, PageID.612). However, it is plausible that the audit revealed evidence of Eugenio's breach of fiduciary duty that was previously unknown to them. Assuming this is true (as the Court must in this posture), Plaintiffs did not unduly delay in joining Eugenio as a defendant in this case.

*Second*, Defendant claims that Eugenio would be unduly prejudiced if Plaintiffs are permitted to join Eugenio as a defendant given Eugenio's "inability to conduct any discovery whatsoever." (*Id.*). This argument fails because the Court recently extended the discovery deadline in this case to August 16, 2024.

7

*Third*, Defendant contends that the PFAC's claim against Eugenio would be futile because Eugenio has a meritorious defense. Specifically, Defendant points to ERISA's limitation on actions for breach of fiduciary duty to the earlier of "six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation"; "three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation"; or "in the case of fraud or concealment, . . . not later than six years after the date of discovery of such breach or violation." 29 U.S.C. § 1113.

However, at this stage of the litigation, it is unclear what amount, if any, of the amount Plaintiffs seek to recover in the PFAC falls outside ERISA's limitation period. Construing the facts alleged in the PFAC in the light most favorable to Plaintiffs, the PFAC's claim against Eugenio plausibly accrued within ERISA's limitation period.

The PFAC's claim against Eugenio is not barred by laches and would not be unduly prejudicial or futile.

## CONCLUSION & ORDER

Defendant's challenges to the PFAC's claims against Eugenio South and Eugenio fail. Accordingly, **IT IS ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 27) is **GRANTED**.

**IT IS SO ORDERED.**

Dated: August 30, 2024                                s/Sean F. Cox
                                                     Sean F. Cox
                                                     U. S. District Judge